[Cite as *State v. Blasingame*, 2020-Ohio-3087.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | :-: | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00114 |
| ASIA C. BLASINGAME | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:          Criminal appeal from the Canton Municipal
                                                              Court, Case No. 2019TRC00558

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:       May 21, 2020

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

CARRIE FRANKHAUSER                   BERNARD HUNT
Assistant City Prosecutor                  2395 McGinty Road N.W.
218 Cleveland Ave. SW                    North Canton, OH  44720
PO Box 24218
Canton, Ohio 44701-4218

*Gwin, P.J.*

{¶1} Defendant-appellant Asia Blasingame ["Blasingame"] appeals her conviction and sentence after a jury trial in the Canton Municipal Court.

*Facts and Procedural History*[1]

{¶2} On January 26, 2019 at 2:18 a.m., Ohio State Highway Patrol Trooper Matthew Magistri saw a vehicle waiting to leave the parking lot of the R Bar & Grill. Trooper Magistri observed Blasingame, the driver and sole occupant of the car. Trooper Magistri continued past the parking lot to the intersection of 12th Street and Wertz Avenue. As he waited for the red stop signal, Trooper Magistri saw the car speed across the bar's parking lot and proceed east on 11th Street. The trooper turned his cruiser around to follow the vehicle. Trooper Magistri observed the vehicle's brake lights come on as the car approached a stop sign. However the car did not come to a complete stop before driving through the intersection. The ensuing traffic stop was recorded on the cruiser's dash camera video system.

{¶3} As Trooper Magistri pulled up to the car he saw that the car's back-up lights were on indicating that the car was in reverse rather than park. He also saw someone moving around inside the car. Blasingame immediately got out of the passenger side door of the vehicle with her hands up. The trooper told Blasingame to put the vehicle in park, which she did. Trooper Magistri noticed significant snow on the ground and only one occupant, Blasingame, exited the car. After her performance on field sobriety tests and

---

[1] Because Blasingame's Assignment of Error is based upon the trial court's failure to grant her Motion to Suppress, we shall set forth the facts that the trial court had before it when it decided Blasingame's Motion to Suppress.

the breath test, Trooper Magistri cited Blasingame for OVI, driving under suspension, and for right of way at stop signs.

{¶4} On May 3, 2019, Blasingame filed a Motion to Suppress/Dismiss. On May 7, 2019, after an evidentiary hearing the Motion to Suppress was denied by the trial judge.

{¶5} On June 28, 2019, a jury trial commenced. The jury found Blasingame guilty of all charges. The trial judge sentenced Blasingame on Count 1, OVI (Breath) to a fine of $375.00 (fine and costs) and 180 days in jail plus 6 points. All but 7 days were suspended, giving her credit for 7 days served. Count 2 OVI was consolidated with Count 1. Count 3 Driving under Suspension or Violation of License Restriction, 180 days in jail and costs. All but 7 days suspended concurrent with Count 1. Blasingame's Driver's License was suspended for a term of one year beginning January 26, 2019. On Count 4 Right of Way at Stop Sign, Blasingame was sentenced to costs only.

*Assignment of Error*

{¶6} Blasingame raises one Assignment of Error,

{¶7} "I. THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO SUPPRESS, AS THE EVIDENCE SUBMITTED WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR A STOP SIGN VIOLATION OF ORC 4511.43."

*Law and Analysis*

{¶8} In her sole Assignment of error, Blasingame contends that the trial judge's denial of her Motion to Suppress was in error and not supported by facts. [Appellant's Brief at 5]. Specifically, Blasingame argues that the trooper, under the facts of this case, did not have a "reasonable or articulate suspicion" to make the traffic stop. [Appellant's Brief at 6].

### 1. STANDARD OF APPELLATE REVIEW.

{¶9} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

1.1 Issue for Appeal.

*1.1.1 Did Trooper Magistri have a reasonable articulable suspicion sufficient to warrant him in stopping the car that Blasingame was driving?*

{¶10} The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." The Fourth Amendment is enforced against the States by virtue of the due process clause of the Fourteenth Amendment of the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The stop of a vehicle and the detention of its occupants by law enforcement, for whatever purpose and however brief the detention may be, constitutes a seizure for Fourth Amendment purposes. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), *citing United States v. Martinez-Fuerte*, 428 U.S. 543, 556-558, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).

{¶11} In *State v. Mays*, 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008-Ohio-4538, the defendant argued that his actions in the case – twice driving across the white edge line – were not enough to constitute a violation of the driving within marked lanes statute, R.C. 4511.33. Id. at ¶ 15. The appellant further argued that the stop was unjustified because there was no reason to suspect that he had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane "as nearly as [was] practicable," within the meaning of R.C. 4511.33(A)(1). In rejecting these arguments, the Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." Id. at ¶ 17. The Supreme Court concluded that a law-enforcement officer who witnesses a motorist drift over lane markings in violation of a

statute that requires a driver to drive a vehicle entirely within a single lane of traffic has reasonable and articulable suspicion sufficient to warrant a traffic stop, even without further evidence of erratic or unsafe driving. Id. at syllabus. In *Mays,* the Ohio Supreme Court made the following observation as it pertains to Ohio law,

>Appellant's reliance on [*Dayton v.*] *Erickson* [76 Ohio St.3d 3, 665 N.E.2d 1091 (1996)], and on *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89, is misplaced. Probable cause is certainly a complete justification for a traffic stop, *but we have not held that probable cause is required.* Probable cause is a stricter standard than reasonable and articulable suspicion. *State v. Evans* (1993), 67 Ohio St.3d 405, 411, 618 N.E.2d 162. The former subsumes the latter. Just as a fact proven beyond a reasonable doubt has by necessity been proven by preponderance, an officer who has probable cause necessarily has a reasonable and articulable suspicion, which is all the officer needs to justify a stop. *Erickson* and *Whren* do not hold otherwise.

119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23 (emphasis added). The Ohio Supreme Court concluded,

>Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by *a reasonable and articulable suspicion* considering all the circumstances, then the stop is constitutionally valid.

119 Ohio St.3d 406, ¶8 (emphasis added).

{¶12}   In the case at bar, the trial judge found the dash camera video inconclusive on the issue of whether Blasingame's car came to a complete stop at the stop sign. ST. at 35.[2] However, the trial judge found Trooper Magistri's testimony that the car did not come to a complete stop to be credible, and therefore the trooper had reasonable, articulable suspicion to support his stop of the car. ST. at 35.

{¶13}   In *State v. Mills*, 62 Ohio St.3d 357, 582 N.E.2d 972(1992), the Ohio Supreme Court noted that the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact in the hearing on the motion to suppress. Id. at 366, 582 N.E.2d at 981-982. The court of appeals is bound to accept factual determinations the trial court made during the suppression hearing so long as they are supported by competent and credible evidence.

{¶14}   During the suppression hearing Trooper Magistri testified that Blasingame was the only individual in the vehicle. ST. at 9; 13; 22.  Trooper Magistri testified that Blasingame's vehicle did not speed through the stop sign, however the car did not stop completely. ST. at 14; 20; 25; 27-28. The video does not demonstrate any apparent discrepancies in Trooper Magistri's testimony. Accordingly, we find a sufficient basis for the trial court to rely upon the trooper's testimony to support his stop of Blasingame's car. Trooper Magistri's testimony neither rises to the level of inventing facts to support a reasonable, articulable suspicion nor undermines Trooper Magistri's credibility to the point that all of his testimony must be disregarded. Trooper Magistri's testimony is sufficient competent, credible evidence to support the trial court's determination, despite the video not conclusively establishing Blasingame's failure to come to a complete stop.

---

[2] For clarity sake, the transcript of the Hearing on Blasingame's Motion to Suppress will be referred to as by volume and page number as "ST."

Because Trooper Magistri had a reasonable, articulable suspicion to stop Blasingame, we find that the trial court did not err in denying the motion to suppress.

{¶15}  Blasingame's sole Assignment of Error is overruled.

{¶16}  The judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.


By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur