[Cite as *Vermilion v. Tedford*, 2020-Ohio-3396.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| State of Ohio/City of Vermilion | Court of Appeals No. E-18-052 |
| Appellee | Trial Court No. TRC 1704303 |
| v. | |
| James R. Tedford | **DECISION AND JUDGMENT** |
| Appellant | Decided:  June 19, 2020 |

* * * * *

Wayne R. Nicol, Vermilion Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, James R. Tedford, appeals from the August 30, 2018 judgment of the Vermilion Municipal Court convicting him, following acceptance of his no contest plea, of operating a vehicle under the influence (hereinafter "OVI"), a violation of

Vermilion Codified Ordinance 434.01(A)(1)(a). For the reasons which follow, we affirm.

{¶ 2} On November 25, 2017, a Vermilion police officer observed appellant's vehicle drift over the white line between the curb lane and the fast lane and weave within his lane. The officer initiated a traffic stop. Appellant was placed under arrest and charged with one count of driving under the influence, a violation of Vermilion Codified Ordinance 434.01(a)(1)(A) and (D), and one count of driving within lanes, a violation of Vermilion Codified Ordinance 432.08(a). Appellant moved to suppress the evidence obtained as a result of the illegal traffic stop, which was denied by the trial court on August 7, 2018. Afterward, appellant entered a no contest plea to the Vermilion Codified Ordinance 434.01(a)(1)(A) violation, and he was convicted and sentenced. The remaining charges were dismissed. Appellant appeals and asserts a single assignment of error:

> The trial court erred in failing to grant Appellant's motion to suppress on the basis that the officer lacked probable cause to stop Appellant's vehicle.

{¶ 3} Appellant argues on appeal that the officer lacked probable cause to stop appellant's vehicle because, he asserts, the videotaped recording of the stop did not support the officer's observations. Therefore, appellant argues we cannot find the trial court's judgment was supported by competent and credible evidence.

2.

{¶ 4} A warrantless seizure may be reasonable if it is based upon objective, probable cause that the person has committed a crime. *Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). "Probable cause" means more than a reasonable suspicion but less than the evidence needed to convict an individual of a crime. *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *State v. Steele*, 138 Ohio St.3d 1, 2013-Ohio-2470, 3 N.E.3d 135, ¶ 26. Where an officer has probable cause or at least a reasonable suspicion to believe a driver committed a traffic violation, the stop is reasonable. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 22. The relevant inquiry is whether the officer's observed facts and circumstances were "sufficient to warrant a reasonable belief" that a traffic violation had occurred. *Id*. A traffic stop based on a marked-lane violation is a constitutionally valid stop, *id.* at the syllabus, even when the officer had an ulterior motive for making the stop. *Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996).

{¶ 5} Appellate review of a trial court's ruling on a Crim.R. 12(C)(3) motion to suppress involves a mixed question of law and fact. *State v. Hairston*, 156 Ohio St.3d 363, 2019-Ohio-1622, 126 N.E.3d 1132, ¶ 29 (Donnelly, J., concurring), quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The appellate court conducts a de novo review of application of the law to the facts but defers to the trial court's evaluation of the credibility of witnesses and determination of the questions of fact which are supported by competent and credible evidence. *Hairston*, quoting *Burnside*. If an officer's testimony is contradicted by video recorded on a dashboard

3.

camera or body camera, an appellate court cannot find that the decision of the trial court was supported by competent and credible evidence. *State v. Blasingame*, 5th Dist. Stark No. 2019CA00114, 2020-Ohio-3087, ¶ 14; *State v. Werder*, 6th Dist. Fulton No. F-19-008, 2020-Ohio-2865, ¶ 32; *State v. Massey*, 9th Dist. Summit No. 29312, 2020-Ohio-1206, ¶ 15; *State v. Nolen*, 4th Dist. Scioto No. 19CA3873, 2020-Ohio-118, ¶ 19.

{¶ 6} At the motion to suppress hearing, Officer Reising, a patrol officer for the city of Vermilion, testified that on November 25, 2017, at 9:30 p.m., he was operating traffic enforcement westbound on Liberty Avenue in his police cruiser. He observed appellant, who was driving his truck in the same direction and a few car lengths ahead of the officer, drift over the white lane marker between the curb lane and the fast lane and back into the curb lane. At that time, the officer activated his dash camera, but no further violation was recorded. The officer continued to follow appellant for a few minutes longer as he drove through the downtown and also observed appellant weave within his lane. Appellant was subsequently arrested for driving under the influence of alcohol. Two front-seat passengers testified on appellant's behalf that they never observed appellant cross the white line marking the lane.

{¶ 7} Upon a review of the evidence, we find the officer testified he observed appellant driving outside the marked lane. Therefore, he had probable cause to make a traffic stop for a violation of Vermilion Codified Ordinance 432.08(a)(1)(A). Because the video recording was started after the officer made his observation of a traffic violation, it does not contradict his testimony. Therefore, we find the trial court's denial

4.

of the motion to suppress was based on competent and credible evidence. Appellant's sole assignment of error is found not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Vermilion Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.